PROB 12C
(6/16)

Report Date: June 20, 2018

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 21 2018

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Richard James Peone                Case Number: 0980 2:14CR00070-JLQ-1

Address of Offender:            Spokane, Washington 99205

Name of Sentencing Judicial Officer: The Honorable Justin L. Quackenbush, Senior U.S. District Judge

Date of Original Sentence: September 15, 2014

Original Offense:    Assault With a Dangerous Weapon in Indian County, 18 U.S.C. §§1153(a) and 113(a)(3)

Original Sentence:   Prison - 39 months            Type of Supervision: Supervised Release
                     TSR - 36 months

Asst. U.S. Attorney: Daniel Hugo Fruchter           Date Supervision Commenced: March 5, 2018

Defense Attorney:    Andrea George                  Date Supervision Expires: March 4, 2021

## PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 6**: The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment. |

**Supporting Evidence**: On March 5, 2018, supervision commenced in this matter. The U.S. Probation Office transported Richard Peone from the Spokane County Jail to the Spokane Residential Reentry Center (SRRC). That same day, a supervision intake was completed. Mr. Peone signed a copy of his judgment, acknowledging an understanding of the conditions imposed by the Court, which includes standard condition number 6, as noted above.

Mr. Peone violated the terms of his supervised release by failing to report a change in employment on or about June 4, 2018

On May 14, 2018, Mr. Peone secured employment. On June 12, 2018, the undersigned officer had telephone contact with Mr. Peone. During the phone call, Mr. Peone indicated he was still employed. On June 13, 2018, contact was made with an employee who indicated Mr. Peone was no longer employed there. On June 18, 2018, contact was made with a manager at his place of employment who advised Mr. Peone is no longer employed, due to not showing up for work. He advised Mr. Peone last showed up for work approximately 2 weeks prior.

2      **Special Condition # 14**: You shall complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the court. You shall allow reciprocal release of information between the supervising officer and treatment provider. You shall contribute to the cost of treatment according to your ability to pay.

**Supporting Evidence**: On March 5, 2018, supervision commenced in this matter. The U.S. Probation Office transported Richard Peone from the Spokane County Jail to the Spokane Residential Reentry Center (SRRC). That same day, a supervision intake was completed. Mr. Peone signed a copy of his judgment, acknowledging an understanding of the conditions imposed by the Court, which includes special condition number 14, as noted above.

Mr. Peone violated the terms of his supervised release by failing to appear for mental health services on or about June 15, 2018 and since.

On May 4, 2018, Mr. Peone reported to the United States Probation Office. At that time, he was referred for a mental health evaluation with Robert Shepard. Mr. Peone ultimately had his mental health evaluation scheduled for May 22, 2018; however, he failed to appear for that appointment.

His mental health evaluation was rescheduled to May 30, 2018. It was recommended that he attend 2 counseling sessions per month. His first mental health counseling session was scheduled for June 15, 2018. On June 12, 2018, during a phone discussion with Mr. Peone, he was reminded of this appointment. On June 15, 2018, the undersigned was contact by Robert Shepard, who reported that Mr. Peone failed to appear for his appointment.

That same day, Mr. Peone was contacted. He indicated he forgot about the appointment. He was directed to call Mr. Shepard that same day to get a new appointment scheduled.

On June 19, 2018, the undersigned had a phone discussion with Mr. Peone. He stated he did not call Robert Shepard to get his first appointment rescheduled.

On June 20, 2018, Robert Shepard was contacted. He advised Mr. Peone has not reached out to him to reschedule his missed appointment.

3      **Special Condition # 15**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: On March 5, 2018, supervision commenced in this matter. The U.S. Probation Office transported Richard Peone from the Spokane County Jail to the Spokane Residential Reentry Center (SRRC). That same day, a supervision intake was completed. Mr. Peone signed a copy of his judgment, acknowledging an understanding of the conditions imposed by the Court, which includes special condition number 15, as noted above.

Mr. Peone violated the terms of his supervised release by failing to engage in outpatient substance abuse treatment services on or about May 8, 2018 or since.

Prob12C
**Re: Peone, Richard James**
**June 20, 2018**
**Page 3**

> On May 3, 2018, Mr. Peone discharged from inpatient treatment at Pioneer Center East. Numerous efforts were made to have Mr. Peone to comply with his required intensive outpatient treatment.
>
> On May 25, 2018, Mr. Peone reported with a representative of the Federal Defenders Office (FDO). The treatment expectations were once again discussed. Mr. Peone agreed to start treatment at Spokane Addiction Recovery Center (SPARC). That same day, the undersigned was contacted by the FDO via email, with a proposal to allow Mr. Peone to forgo intensive outpatient services for an alternate plan they had created for him. That plan was ultimately not approved as it did not satisfy the treatment component of Mr. Peone's conditions, nor did it utilize services of a state certified treatment program.
>
> The FDO then filed a motion with respect to the proposal for Mr. Peone. On June 12, 2018, the undersigned met with the Court as a result of the motion filed. The Court advised that Mr. Peone was required to engage in intensive outpatient services as directed, pending additional information being provided by the FDO.
>
> On June 12, 2018, Mr. Peone was contacted and advised of the directive of the Court. Mr. Peone agreed to comply and agreed to go to SPARC the following day to start treatment services.
>
> On June 19, 2018, Mr. Peone was contacted. Mr. Peone had not yet started treatment services as required.

| | |
|---|---|
| 4 | **Standard Condition #2**: The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer. |

> **Supporting Evidence:** On March 5, 2018, supervision commenced in this matter. The U.S. Probation Office transported Richard Peone from the Spokane County Jail to the Spokane Residential Reentry Center (SRRC). That same day, a supervision intake was completed. Mr. Peone signed a copy of his judgment, acknowledging an understanding of the conditions imposed by the Court, which includes special condition number 15, as noted above.
>
> Mr. Peone violated the terms of his supervised release by failing to report on or about June 20, 2018.
>
> On June 19, 2018, Mr. Peone was directed to report on June 20, 2018 by 10 a.m. On June 20, 2018, Mr. Peone failed to report.

The U.S. Probation Office respectfully recommends the Court issue a WARRANT requiring the defendant to appear to answer to the allegations contained in this petition.

Prob12C
**Re: Peone, Richard James**
**June 20, 2018**
**Page 4**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   June 20, 2018

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

## THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

Signature of Judicial Officer

June 21, 2018
Date